# Exhibit A

19-2-04710-31
CMP
Complaint
5711837

FILED
2019 MAY 28 AM 10: 48
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF SNOHOMISH

DANIEL LEONARD,

                Plaintiff,

vs.

THE BOEING COMPANY,

                Defendant.

No. 19 2 04710 31

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Daniel Leonard, by and through his attorney of record, Rodney R. Moody, and hereby allege as follows:

### I. INTRODUCTION

1.1   This Complaint is brought alleging a breach of contract, negligent infliction of emotional distress, and discrimination in violation of the Washington Law Against Discrimination.

### II. JURISDICTION

2.1   The acts and omissions complained of below occurred in Snohomish County, Washington.

2.2   Venue is proper in this Court as the acts complained of occurred in Snohomish County.

2.3   This Court has jurisdiction pursuant to RCW 49.60.

### III. PARTIES

3.1   At all times complained of below Mr. Leonard was a citizen of the State of Washington and resident of Snohomish County.

COMPLAINT FOR DAMAGES
Page 1 of 6

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

3.2  The Boeing Company is a corporation licensed to conduct business within the State of Washington.

## IV. FACTS

4.1  Mr. Leonard has been employed by Defendant Boeing for 30 years. He was fully successful in his employment with no prior disciplinary action.

4.2  All performance reviews of Mr. Leonard have been positive including his last Integrated Performance Score which was 1.05 out of a possible 1.10.

4.3  Mr. Leonard worked in a Union position for 22.5 years before being offered the opportunity to assume a management position.

4.4  Mr. Leonard had concerns regarding assuming a management position because of the lack of security he would have in his employment. Plaintiff was aware of the Employee Corrective Action Process Requirements (ECAPR) and the protection afforded to Union employees of Defendant Boeing.

4.5  The ECAPR assures employees subject to these Requirements that they will be treated in a given manner for specific alleged conduct. Mr. Leonard discussed this with the supervisors when offered the management position. Mr. Leonard was assured by his supervisors that his employment as a management employee would still be subject to these Requirements and would afford him protection. Based upon this representation Mr. Leonard accepted a management position in which he worked in a fully successful manner for 7.5 years.

4.6  In February 2019 Mr. Leonard was requested to meet with a representative from Human Resources with which he complied. During this meeting he was confronted with vague allegations regarding alleged adult conversations that he had engaged in with two separate female employees which had both occurred more than one year prior. Both conversations were singular events which resulted in no further communications between Mr. Leonard and either female employee.

COMPLAINT FOR DAMAGES
Page 2 of 6

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

4.7  At no time was Mr. Leonard notified that there were any concerns regarding the conversations that he had had with these female employees.

4.8  The first employee, Dena Kilby, is an employee with whom Mr. Leonard has had contact approximately 20 or more occasions over the past 7 years as he directly supervised her for portions of this time. All of these conversations occurred on the shop floor and were highly visible to all employees. Of these 20 or more communications only one involved any discussion regarding personal matters that could be interpreted as sexual. There was no subsequent conversation between Mr. Leonard and Ms. Kirby of any personal nature. Until this issue was raised in February 2019 by the HR representative Mr. Leonard had received no indication that there were any concerns regarding this singular conversation.

4.9  Subsequent to this personal conversation Ms. Kilby did have several questions of Mr. Leonard regarding concerns that she had hiring a roofer to perform maintenance on her personal residence. Mr. Leonard knew of a qualified roofer and Mr. Leonard's wife contacted Ms. Kilby to provide her with the name of this company. Ms. Kilby was apparently satisfied with the work of this company and subsequently thanked Mr. Leonard for his recommendation.

4.10  The second employee the HR representative discussed with Mr. Leonard involved a conversation between Mr. Leonard and Amanda Picard. Mr. Leonard and Ms. Picard had one conversation which had occurred more than one year prior. There was no solicitation on Mr. Leonard's part of any type of inappropriate sexual contact and there were no further communications with her of any personal nature. There were several additional business-related conversations as Mr. Leonard was Ms. Picard's immediate supervisor. Again, no concerns were ever raised with Mr. Leonard by any supervisor or Ms. Picard regarding this conversation.

COMPLAINT FOR DAMAGES
Page 3 of 6

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

4.11  In the Employee Corrective Action Matrix PRO–4332 addresses mitigating factors. These include an incident of alleged sexual harassment as a single incident, not directed at any individual person, no offensive intent was present and the potential of minimal impact. Virtually all these factors applied to the conversations between Mr. Leonard and the two employees identified above. Under PRO–4332 (3) the "ECA" Level states, "Usually results in time off from work." In addition, sexual harassment training is generally required as well.

4.12  Rather than provide time off from work Mr. Leonard's employment was immediately terminated. This is in direct conflict with PRO–4332 (3).

4.13  During his employment in a management position Mr. Leonard had been specifically complemented by each of his three prior supervisors, Rick Spears, Jeff Wizner, and Bill Burke because his performance was considered exemplary in part because of his understanding of the disciplinary matrix and his consistent, fair application thereof. Mr. Leonard was acting second level supervisor on many occasions and mentor for other employees to excel.

4.14  Rather than consistently apply PRO–4332 et.seq. to the alleged conduct engaged in by Mr. Leonard his employment was terminated immediately in direct contravention of this policy.

4.15  Mr. Leonard appealed this determination, but this appeal was denied with no explanation as to the basis for the decision to not consistently treat him in accordance with the ECAPR matrix.

4.16  Mr. Leonard is 49 years of age and commanded a significantly higher wage as a result of his 30 plus years of employment with Defendant Boeing then his peer level management employees.

4.17  Upon information and belief, Mr. Leonard was replaced in his position by an individual substantially younger than Mr. Leonard.

### V. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5.1  Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES
Page 4 of 6

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

5.2    The Defendant owed Plaintiff a duty not to inflict emotional distress.

5.3    The Defendant's actions have breached the duty to not inflict emotional distress upon Mr. Leonard.

5.4    By refusing to engage in a consistent application of the ECAPR matrix Defendant Boeing breached its duty of care and inflicted emotional distress upon Mr. Leonard.

5.5    Plaintiff has suffered emotional distress and damages in an amount to be established at trial.

## VI. DISCRIMINATION: WLAD

6.1    Plaintiff hereby re-alleges the preceding paragraphs as if fully set forth herein.

6.2    Mr. Leonard is more than 40 years of age and always worked fully successfully for Defendant Boeing.

6.3    Mr. Leonard had been employed by Defendant Boeing for a period of 30 years.  As such he commanded a significantly higher salary than other peer level management employees.

6.4    Mr. Leonard was terminated because of his age.  Upon information and belief he was replaced with a substantially younger employee.

6.5    As a direct and proximate result of the above described discriminatory behavior on the part of the Defendant Mr. Leonard suffered both special and general financial damages in an amount to be established at trial.

## VII. BREACH OF CONTRACT

7.1    Mr. Leonard hereby realleges the preceding paragraphs as if set forth in full.

7.2    Mr. Leonard was aware of and consistently applied the ECEPR matrix as it applied to other employees whom he supervised as a manager.  Mr. Leonard was consistently complemented for his consistent fair application of this matrix by his immediate supervisors.

7.3    Mr. Leonard was concerned about leaving a Union position when offered a position in management because of the lack of security the management position would not provide.  Upon

COMPLAINT FOR DAMAGES
Page 5 of 6

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

being assured that the ECAPR matrix would apply to him as a non-Union employee as well Mr. Leonard accepted the management position.

7.4   Mr. Leonard had a reasonable expectation that the fair, consistent application of the ECAPR matrix would be applied to him should any conduct on his part warrant its consideration.

7.5   Defendant Boeing failed to consistently apply the ECAPR matrix to the actions of Mr. Leonard as alleged. Mr. Leonard's employment was wrongfully terminated which was inconsistent with PRO–4332 et.seq.

7.6   Mr. Leonard has suffered damages in an amount to be established at trial.

## VIII. JURY DEMAND

8.1   Plaintiff demands a jury trial of twelve.

## IX. PRAYER FOR RELIEF

WHEREFORE having stated the preceding causes of action Plaintiff does hereby pray for relief as follows:

1. For back pay, front pay, and other economic damages;
2. For emotional damages;
3. For an award of reasonable attorney's fees pursuant to RCW 49.60.030(3);
4. For costs of suit herein;
5. Tax relief;
6. For reinstatement to his position of employment with Defendant Boeing; and
7. For such other and further relief as the court deems just and proper.

DATED this 24th day of May, 2019.

_____
Rodney R. Moody, WSBA #17416
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 6 of 6

Law Office of
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941